UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP IRA SCHEFFLIN,

    Petitioner,

v.

RICHARD MORGAN,

    Respondent.

Case No. C05-5696FDB

REPORT AND RECOMMENDATION

Noted for April 21, 2006

    Petitioner is a state prisoner currently incarcerated at the Stafford Creek Corrections Center pursuant to a judgment and sentence of the Thurston County Superior Court. Mr. Schefflin seeks federal habeas relief under 28 U.S.C. § 2254 challenging the 2003 Thurston County conviction. After a careful review of the record, the undersigned submits the following report and recommends that the Court deny the petition for writ of habeas corpus as untimely.

## DISCUSSION

    A one-year period of limitation applies to federal petitions for writ of habeas corpus. The relevant statute states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

REPORT AND RECOMMENDATION
Page - 1

>   removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one year period of limitation is subject to equitable tolling, thus, the period may be equitably tolled by the court "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Calderon v. U.S. District Court for Central District of California, 128 F.3d 1283, 1288 (9th Cir. 1997), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997). The Ninth Circuit commented, "We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." Id. at 1289.

Here, petitioner was convicted and sentenced by the state trial court on July 29, 2003. Mr. Schefflin did not directly appeal his conviction. Rather, he filed a personal restraint petition in the Washington Court of Appeals on August 16, 2004, more than one year following the date of his conviction. The Washington Court of Appeals dismissed the Personal Restraint Petition on procedural grounds, holding that Mr. Schefflin did not file it within the state's applicable one-year statute of limitations for personal restraint petitions. Mr. Schefflin challenged the court's ruling, by filing a motion for discretionary review by the Washington Supreme Court. On February 18, 2005, the Washington Supreme Court affirmed the decision and thus, denied review based on statute of limitations grounds. The Washington Court of Appeals issued a certificate of finality on May 17, 2005.

Here, Mr. Schefflin's petition should be denied because he has failed to file the matter in a timely manner. Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Here, Petitioner filed his habeas corpus petition a year and two months after the federal statute of limitations period had expired. Petitioner did not seek direct review, and his conviction became final for federal habeas purposes on August 29, 2003, which accounts for a 30 day period petitioner could have pursued direct review. Washington Rules of Appellate Procedure 5.2(a) (The time for seeking review in the Washington Court of Appeals began to run on July 30, 2003). The 28 U.S.C. § 2244(d)(1) one-year statute of limitations began to run the next day, on August 30, 2003. It expired on August 30, 2004. Mr. Schefflin filed his federal habeas corpus petition on October 17, 2005.

As noted above, Mr. Schefflin filed an untimely personal restraint petition with the Washington Court of Appeals on August 16, 2004, and spent time seeking review of this petition until approximately February 18, 2005, when the Washington Supreme Court affirmed the decision and thus, denied review based on statute of limitations grounds. The time sought pursuing this remedy should not toll the running of the statute of limitations, since the personal restraint petition was not "properly filed", as required. *See* Pace v. DiGuglielmo, ___ U.S. ___, 125 S. Ct. 1807, 1810 (2005) (holding that untimely state court petition for post-sentence relief did not toll federal statute of limitations because petition did not constitute "properly filed" petition).

## CONCLUSION

Petitioner did not timely filed the instant petition for writ of habeas corpus. Accordingly, the Court should deny the petition for writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 21, 2006**, as noted in the caption.

DATED this 29th day of March, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3